# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CO-BANK, ACB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-1182 |
| | ) |
| ROBERT PRINTZ, | ) |
| | ) |
| Defendant. | ) |

## O R D E R

This matter is now before the Court on Defendant Robert Printz's ("Printz") Motion to Dismiss Pursuant to Rule 12(b). For the reasons set forth below, the Motion to Dismiss [9] is DENIED.

### BACKGROUND

Plaintiff, Co-Bank, ACB ("Co-Bank"), is the secured lender of Towanda Grain Co. Cooperative and is the assignee of all of Towanda's rights, title and interest in any claims Towanda may have against Defendant, Robert Printz ("Printz"). Printz sold grain to Towanda and through a series of transactions, Towanda made loan advances to Printz totaling approximately $13,147,000. These loans were allegedly procured through Printz's fraudulent misrepresentation and knowing issuance of bad checks. Ultimately, Printz failed to repay approximately $4,602,983.59 in loan advances.

After receiving Towanda's assignment of rights, Co-Bank sued Printz in June 2010. However, the case was dismissed without prejudice after Printz filed bankruptcy. Following the

dismissal of the bankruptcy action, Co-Bank brought this suit, alleging the same claims as those alleged in the prior action. Printz has now moved to dismiss the Complaint. The matter is fully briefed, and this Order follows.

### DEFENDANT'S MOTION TO DISMISS

#### I. Legal Standard

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rule of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

#### II. Analysis

Printz first argues that the Complaint must be dismissed because Plaintiff only refers to his place of residence and has therefore failed to allege diversity of citizenship. This is plainly incorrect,

as Paragraph 6 of the Complaint plainly alleges that Printz "is a citizen of the State of Illinois." As the Complaint further alleges that Plaintiff is a citizen of Colorado and that the amount in controversy exceeds $75,000.00, the requirements of diversity jurisdiction have sufficiently been pled.

Printz next contends that the written contract between the parties requires binding arbitration. The Federal Arbitration Act ("FAA") clearly "embodies a strong federal policy in favor of arbitration." Sweet Dreams Unlimited, Inc.v. Dial-A-Mattress International, Ltd., 1 F.3d 639, 641 (7th Cir. 1993). That being said, the Seventh Circuit has cautioned that "the duty to arbitrate remains one assumed by contract, and we will not compel parties to arbitrate disputes unless they have agreed to do so." Id.

The only written agreement of record in this matter is the 10/22/09 Contract of Purchase between Printz and Towanda providing for a March 2010 Basis Contract of 200,000,000 bushels of yellow corn. In the Contract, Printz warrants that he has good and merchantable title to the grain free of any encumbrance, and the parties agree that the sole remedy for resolution and settlement of any disputes "arising under this Contract" is through binding arbitration before the National Grain and Feed Association. Co-Bank responds that the Contract only applies to the sale of grain and has nothing to do with the loans made to Printz by Towanda.

Unlike contract language that provides for the broader arbitration of disputes "arising out of" or "relating to" the contract, the Seventh Circuit has construed language providing for the arbitration of disputes "arising under" the contract or "arising hereunder" to be more narrow. Id., at 641-42; Rosenblum v. Travelbuys.com Limited, 299 F.3d 657, 663-64 (7th Cir. 2002). The "arising under" language has been construed to refer only to disputes regarding the interpretation and performance

of the contract itself and does not mandate the arbitration of disputes having to do with other agreements or arrangements between the parties.  <u>Id.</u>  As such, the Court concludes that the arbitration clause at issue here applies only to disputes regarding the interpretation and performance of the agreement by Printz to sell grain to Towanda.  To hold that the language in the 10/22/09 Contract of Purchase encompasses advance loans to Printz not even mentioned or contemplated in the document would expand the operation of that clause beyond its express terms, as well as any documented intent of the parties.  Accordingly, the Court must conclude that the arbitration clause does not compel arbitration of the disputes in this case, and Defendant's Motion to Dismiss is DENIED.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss [9] is DENIED.  Defendant shall answer the Complaint within 14 days of the date of this Order.

ENTERED this 1st day of April, 2013.

    s/ James E. Shadid
    James E. Shadid
    Chief United States District Judge